UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


SHEDRICK J. BRUMFIELD (#395469)

VERSUS                                              CIVIL ACTION

N. BURL CAIN, ET AL                                 NUMBER 08-148-FJP-SCR


**NOTICE**

   Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
   In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

   ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

   Baton Rouge, Louisiana, August 5, 2008.

                                      *signature*
                              STEPHEN C. RIEDLINGER
                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHEDRICK J. BRUMFIELD (#395469)

VERSUS                                                CIVIL ACTION

N. BURL CAIN, ET AL                                   NUMBER 08-148-FJP-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the defendant's Motion to Dismiss. Record document number 17. The motion is not opposed.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain, Linda Ramsey, former Louisiana Department of Public Safety and Corrections Secretary Richard L. Stalder, Shirley Coody, Bruce Dodd, Perry Stagg, Dr. Mia Tran, Dr. Raman Singh, and Dr. Richard Roundtree. Plaintiff alleged that he was denied medical treatment and was retaliated against for filing a lawsuit against the defendants.

Defendants[1] moved to dismiss the complaint for failure to state a claim upon which relief can be granted under to Rule 12(b)(6), Fed.R. Civ. P.

---

[1] Richard Stalder and Dr. Mia Tran were not served with the summons and complaint and did not participate in the defendants' motion to dismiss.

**A.     Failure to State a Claim**

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Under Rule 8(a)(2), Fed.R.Civ.P., a complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, — U.S. —, —, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the ground upon which it rests." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).[2]

On a motion to dismiss for failure to state a claim under Rule

---

[2] *Twombly* held that in some cases a plaintiff must plead particular facts in his complaint. 127 S.Ct. at 1965. In *Erickson*, decided two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against prison officials is not required to state specific facts in his complaint; *Erickson*, 127 S.Ct. at 2200, and *Twombly* itself, 127 S.Ct. at 1973 n.6., suggests that the holding in *Twombly* may be limited to cases likely to produce "sprawling, costly, and hugely time-consuming" litigation. This case involves a § 1983 claim with a narrow range of factual disputes, not a complex suit likely to produce sprawling discovery. Accordingly, this case is governed by the Supreme Court's decision in *Erickson*.

12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson*, 127 S.Ct. at 2200; *see also Twombly*, 127 S.Ct. at 1965. "A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 127 S.Ct. at 2200 (citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965 (quotation marks, citations, and footnote omitted).

### 1. Prescription

Defendants sought dismissal of some of the plaintiff's claims on the grounds that the claims are prescribed.

It is well settled that in § 1983 cases, federal courts look to the most consonant statute of limitations of the forum state. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573 (1989); *Kitrell v. City of Rockwall*, 526 F.2d 715, 716 (5th Cir.), *cert. denied*, 426 U.S. 925, 96 S.Ct. 2636 (1976). For § 1983 cases brought in Louisiana federal courts, the appropriate statute of limitations is one year. Louisiana Civil Code Article 3492; *Elzy v. Roberson*, 868

F.2d 793 (5th Cir. 1989); *Washington v. Breaux*, 782 F.2d 553 (5th Cir. 1986); *Kissinger v. Foti*, 544 F.2d 1257, 1258 (5th Cir. 1977). Plaintiff filed his complaint on March 11, 2008.  Ordinarily, any claims plaintiff had against these defendants regarding acts which occurred prior to March 11, 2007 have prescribed.

However, in *Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999), the United States Court of Appeal for the Fifth Circuit concluded that the pendency of properly filed Administrative Remedy Procedure ("ARP") proceedings will act to toll the running of the one-year limitations period for prisoners' claims in this state.  In the instant case, the plaintiff alleged in Part II C. of the complaint form that he exhausted administrative remedies in ARP LSP-2006-1755 and ARP LSP-2005-2099.  Copies of the administrative grievance records were not attached as exhibits to the plaintiff's complaint. The court is unable to conclude that either of these two ARPs have any effect upon the limitations period applicable to the plaintiff's claims.

### 2. Official Capacity

Defendants sought dismissal of the plaintiff's claims against them insofar as the plaintiff sued them in their official capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al*, 502 U.S. 21, 112 S.Ct. 358 (1991).  A suit against a state official in his official capacity is treated as a suit against the state.

4

*Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985).  Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's `policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law.  A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a § 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device."  An officer sued in his personal capacity comes to court as an individual.  However, a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official capacity actions for prospective relief are not treated as actions against the state. *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14.

Therefore, the plaintiff may recover money damages against the defendants insofar as the defendants were sued in their individual

5

capacity for actions taken by them under color of state law which caused the deprivation of the plaintiff's constitutional rights. Insofar as the plaintiff sought prospective injunctive relief against the defendants in their official capacity, his official capacity claim is also actionable under § 1983.

### 3. Qualified Immunity

Defendants argued that they are entitled to qualified immunity because their conduct did not violate any of the plaintiff's clearly established constitutional or statutory rights of which a reasonable person would have known.

A state official sued in his individual capacity for damages may assert a qualified immunity defense. *Procunier v. Navarette*, 434 U.S. 555, 561, 98 S.Ct. 855, 859 (1978). This immunity is defeated if the official violated clearly established statutory or constitutional rights, of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). In assessing the applicability of a qualified immunity defense, the court must first determine whether the plaintiff has asserted a violation of a clearly established right at all. *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991). If the court determines that there was a violation of a right secured by the Constitution, then it must determine whether the defendant could have reasonably thought his actions were consistent with the rights he is alleged to have violated. *Anderson v.*

*Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038 (1987). The protections afforded by the qualified immunity defense turn on the "objective legal reasonableness" of the defendant's conduct examined by reference to clearly established law. *Id.*, at 639, 107 S.Ct. at 3038. The court does not ascertain solely whether the law was settled at the time of the defendant's conduct, but rather, when measured by an objective standard, a reasonable officer would have known that his conduct was illegal. Even if a defendant's conduct actually violates a plaintiff's constitutional right, the defendant is entitled to qualified immunity if the conduct was objectively reasonable. *Duckett v. City of Cedar Park, Texas*, 950 F.2d 272 (5th Cir. 1992), *citing Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990); *Melear v. Spears*, 862 F.2d 1177 (5th Cir. 1989); *Matherne v. Wilson*, 851 F.2d 752 (5th Cir. 1988).

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

To state a valid claim for retaliation under § 1983, a

prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).

Prison officials cannot act against a prisoner for availing himself of the courts and attempting to defend his constitutional rights. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir.), *cert. denied*, 516 U.S. 1084, 116 S.Ct. 800 (1996). In order to state a claim of retaliation an inmate must establish that but for the retaliatory motive the complained of incident would not have occurred. *Id*. The inmate must prove direct evidence of motivation or, he must allege a chronology of events from which retaliation may plausibly be inferred. *Id*.

### B. Eight Amendment Claims

Plaintiff alleged that since 2002, he has experienced ankle and shoulder pain. Plaintiff alleged that in 2004, he was examined by an orthopedist. Plaintiff alleged that the orthopedist prescribed physical therapy for the plaintiff's shoulder injury and an ankle brace and orthopedic shoes for the plaintiff's ankle injury. Plaintiff alleged that he wrote several letters to medical personnel requesting physical therapy and the orthopedic shoes. Plaintiff alleged that he was advised that Dr. Portacia placed his name on a list to receive physical therapy. Plaintiff alleged that

he received no response regarding the status of his orthopedic shoes.

Plaintiff alleged that he filed ARP LSP-2005-2099 complaining that he did not receive the physical therapy prescribed by the orthopedist.

Plaintiff alleged that in 2005, he was examined by an another orthopedist for complaints of shoulder, ankle, foot and knee pain. Plaintiff alleged that this orthopedist also prescribed physical therapy, orthopedic shoes and ankle braces.

Plaintiff alleged that in 2006, he was again examined by an orthopedist.  Plaintiff alleged that when he told the orthopedist that he had not received the physical therapy or orthopedic shoes which were prescribed in 2005, the orthopedist telephoned Dr. Singh.  Plaintiff alleged that a week later he received the ankle braces.

Plaintiff alleged that he filed an ARP complaining that unidentified security personnel were interfering with his medical treatment.  Plaintiff alleged that Dodd gave an evasive response to his administrative grievance.  Plaintiff alleged that in his response to the plaintiff's administrative grievance, Dr. Singh failed to explain why the plaintiff did not receive the orthopedic shoes.

Plaintiff alleged that on October 22, 2007, he sought emergency medical treatment for complaints of inability to have a

bowel movement. Plaintiff alleged that he was examined by emergency medical technician ("EMT") Mike Thomas. Plaintiff alleged that on October 27, 2007, he was advised by EMT Thomas that Dr. Tran said she would see the plaintiff when she was ready to do so.

Plaintiff alleged that on November 1, 2007, he sought emergency medical treatment from EMT Thomas. Plaintiff complained that he had not been examined by a doctor for his bowel movement complaint.

Plaintiff alleged that on November 2, 2007, he complained to Asst. Warden Stagg that he had not been examined by a doctor regarding his bowel movement complaints. Plaintiff alleged that Asst. Warden Stagg said he would send someone to examine the plaintiff but no one came to examine him.

Plaintiff alleged that on November 3, 2007, Capt. Westbrook told him that Dr. Roundtree had cancelled his appointment and told Assistant Warden Stagg that the appointment was cancelled. Plaintiff alleged that after he was informed that his appointment was cancelled, he gave himself an enema.

Plaintiff alleged that Dr. Tran failed to prevent unidentified security personnel from interfering with his medical care.

Plaintiff failed to allege any facts against defendants Warden Cain, Ramsey, Coody, Dodd, Asst. Warden Stagg, Dr. Singh, and Dr. Roundtree which rise to the level of a constitutional violation.

Plaintiff's allegation that Warden Cain, Ramsey, Coody, Asst. Warden Stagg, Dr. Singh and Dr. Roundtree are responsible for the actions of their subordinates is insufficient to state a claim under § 1983. To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

### C.   Other Claims

Plaintiff's allegation that Bruce Dodd responded evasively to an administrative grievance does not rise to the level of a constitutional violation. Plaintiff does not have a constitutional right to a particular response to an administrative grievance.

Plaintiff sought to invoke the supplemental jurisdiction of this court to hear his state law claims. District courts may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of State law; the claim substantially predominates over the claims over which the district court has original jurisdiction; if the district court has dismissed all claims over which it had original jurisdiction; or for other compelling reasons. 28 U.S.C. § 1367. The court should decline to exercise supplemental jurisdiction over the plaintiff's

state law claims if his federal claims are dismissed.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendant's motion to dismiss be granted and this action be dismissed without prejudice to any state law claim.  It is further recommended that the plaintiff's claims against former Louisiana Department of Public Safety and Corrections Secretary Richard L. Stalder and Dr. Mia Tran be dismissed for failure to prosecute pursuant to Rule 4(m), Fed.R.Civ.P.

Baton Rouge, Louisiana, August 5, 2008.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE